IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY MAURICE ATKINS,<br>     Plaintiff, | :   PRISONER CIVIL RIGHTS<br>:   42 U.S.C. § 1983 |
| v. | : |
| FULTON COUNTY LEGAL AID<br>OFFICE et al.,<br>     Defendants. | :   CIVIL ACTION NO.<br>:   1:13-CV-2202-WSD-LTW<br>: |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Fulton County Jail in Atlanta, Georgia. (Doc. 1 at 2.) Plaintiff, pro se, filed this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief and one dollar in damages. (*Id.* at 4.)

Plaintiff complains in this case of the same thing he complained of in another suit he filed earlier this year. *See* Compl., *Atkins v. McClane*, No. 1:13-cv-1363-WSD (N.D. Ga. Apr. 24, 2013). Plaintiff alleges that a Fulton County Public Defender who represented Plaintiff in a criminal case improperly revealed to Plaintiff's family that Plaintiff tested positive for the Human Immunodeficiency Virus. (Doc. 1 at 3-4.) As a result, Plaintiff contends that his sister is preventing him from seeing his daughter and his sister's children. (*Id.*) Plaintiff claims that the lawyer violated Plaintiff's

AO 72A
(Rev.8/82)

constitutional rights by negligently failing to maintain the confidentiality of Plaintiff's personal information. (*Id.*)

The undersigned found in the previous case that the Court did not have subject-matter jurisdiction over Plaintiff's complaint because no federal question appeared on the face of the complaint and there was no basis for diversity jurisdiction. Report and Recommendation, *Atkins*, No. 1:13-cv-1363-WSD (May 10, 2013). The same finding applies in this case because both complaints are substantively the same. Federal-question jurisdiction does not exist simply because Plaintiff brought his complaint under 42 U.S.C. § 1983 and alleged an unidentified violation of the federal Constitution. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint."). There is no diversity jurisdiction because the complaint indicates that Plaintiff and both Defendants are Georgia residents and because Plaintiff seeks only one dollar in damages. (Doc. 1); *see* 28 U.S.C. § 1332.

As noted in the Report and Recommendation issued in the prior case, Plaintiff's claims sound in state tort law. Plaintiff may be able to assert those claims in state court, but he has shown no basis for federal jurisdiction. *See Torrance v. Morris*

*Publ'g Group, LLC*, 636 S.E.2d 740, 747 (Ga. Ct. App. 2006) (discussing species of the tort of invasion of privacy under Georgia law); *Johnson v. Allen*, 613 S.E.2d 657, 661 (Ga. Ct. App. 2005) (listing elements of tort of intentional infliction of emotional distress).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of subject-matter jurisdiction.

**SO RECOMMENDED** this __8__ day of __July__, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE