IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY MAURICE ATKINS,

           Plaintiff,

v.

FULTON COUNTY LEGAL AID
OFFICE, et al.,

           Defendants.

1:13-cv-2202-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R) [3].

**I.   BACKGROUND**

On July 1, 2013, Plaintiff Tony Maurice Atkins ("Plaintiff"), in custody at Fulton County Jail and proceeding *pro se*, filed this action against Defendants Fulton County Legal Aid and John McClene (collectively, "Defendants"). Plaintiff alleges that his attorney, a Fulton County Public Defender, breached the duty of confidentiality and informed Plaintiff's family that Plaintiff is HIV-positive.

Previously, on April 24, 2013, Plaintiff filed a separate action with this

Court (the "April Action") alleging substantively the same facts.[1]  On May 10, 2013, the Magistrate Judge issued a report and recommendation recommending dismissal of the April Action for lack of subject matter jurisdiction.  The Magistrate Judge concluded that, although filed on a § 1983 form, Plaintiff's complaint did not allege any facts that allow for federal jurisdiction.  There was no diversity jurisdiction because all parties were residents of Georgia and only one dollar in damages was requested, and there was no federal question jurisdiction because Plaintiff's claims sounded only in state tort law.

On July 18, 2013, the Magistrate Judge issued the R&R in this action.  The Magistrate Judge concluded that the complaint was substantively identical to the April Action, and that the same findings applied that the complaint alleged only state law claims.  The Magistrate Judge found that both complaints failed to show federal jurisdiction because a federal question did not appear on the face of the complaint, nor was there a basis for diversity jurisdiction.  The R&R recommended dismissal of the action.

Plaintiff did not object to the R&R.

---

[1] See Atkins v. McClane, No. 1:13-cv-1363-WSD (N.D. Ga. Apr. 24, 2013).  The only substantive difference in the present action is the addition of the Fulton County Legal Aid office as a defendant.

**II.   DISCUSSION**

    A.   <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.   <u>Analysis</u>

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff has not shown any basis for federal jurisdiction.  The Court does not find plain error with this conclusion.  There is no diversity jurisdiction because both parties are Georgia residents and Plaintiff seeks only one dollar in damages.  <u>See</u> 28 U.S.C. § 1332.  There is no federal question jurisdiction because Plaintiff's claims, though written on a § 1983 complaint form, sound only in state law.  <u>See</u> <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F.Supp.2d 1378, 1381 (N.D. Ga. 2010) ("In determining the

presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint."); see also Torrance v. Morris Publ'g Group, LLC, 636 S.E.2d 740, 747 (Ga. Ct. App. 2006) (discussing species of the tort of invasion of privacy under Georgia law); Johnson v. Allen, 613 S.E.2d 657, 661 (Ga. Ct. App. 2005) (listing elements of tort of intentional infliction of emotional distress).  The Court finds that this action should be dismissed.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED**.  This action is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this 8th day of October, 2013.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE